UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE LASKO, :
:
        Petitioner, :
: CIVIL NO. 3:CV-07-0371
        v. :
: (JUDGE VANASKIE)
RONNIE HOLT, :
:
        Respondent. :

M E M O R A N D U M

I. Introduction

        Lawrence Lasko, an inmate presently confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lasko, who proceeds pro se, alleges his constitutional rights were violated when he received a retaliatory Incident Report and a procedurally deficient disciplinary hearing that yielded the loss of good conduct time ("GCT") and various privileges (phone and visitation) as sanctions. As relief, Lasko seeks expungement of the disciplinary record and restoration of his GCT. For the reasons that follow, the petition will be denied.

II. Statement of Facts

        In a July 26, 2006 Incident Report, Lasko was charged with refusing to obey a

direct order.  (See Dkt. Entry 8-4, Wallace Decl., Exh. 1-B at R. 7.)[1]  The reporting officer, Dr. Hendershot (Clinical Director of Health Services at FCI-Schuylkill), described the incident as follows:

> On the above date at approximately 9:00, Inmate Lasko ... refused a direct order to leave the clinical director's office.  He was asked then ordered and ordered a second time.  Inmate only left the office after a second staff member arrived (PA Ortiz).  He became verbally aggressive and stood in a threatening manner.  Inmate later complied and was placed in the waiting area next to the HSA's office.  At approximately 9:25 AM inmate was asked to leave on the move then ordered and again refused.  Inmate was secured in the waiting area and Lt. Reed was phoned.

(Id.)  The investigating officer in this matter was Lt. Schneider, who delivered a copy of the incident report to Lasko on July 26, 2006.  (Dkt. Entry 1, Petition, Exh. A at R. 19; and Dkt. Entry 8-4, Wallace Decl., Exh. 1-C at R. 8.)  Lasko appeared before the Unit Discipline Committee ("UDC") on July 31, 2006.  (Dkt. Entry 1, Petition, Exh. A at R. 18.)  Based upon the "inmate's history of Incident Reports," the UDC referred the charge to the Discipline Hearing Officer ("DHO") for further hearing with the recommendation that, if found guilty, Lasko should receive appropriate sanctions.  (Dkt. Entry 8-4, Wallace Decl., Exh. 1-B at R. 7.)

The disciplinary hearing was held on September 5, 2006, before DHO Bittenbender.  (Id. at Exh. 1-C at R. 8.)  At the commencement of the hearing the DHO verified that Lasko received advance written notice of the charge and that he understood his rights.

---

[1] "R." or "RR." references are to the CM/ECF pagination of the document cited.

(Id.) Lasko made the following statement at the hearing:

> I was ordered to leave but I refused because I wanted to receive
> my treatment for Hepatitis C. . . . I wanted to see the lieutenant
> and Mr. Hendershot grabbed me and spun me around because he
> wanted my I.D. and then he put me back into the office. . . . He
> (Mr. Hendershot) asked me twice to leave.

(Id. at R. 8.)

Although initially requesting the representation of Chaplain Brown at his UDC proceeding, Lasko elected to represent himself at the DHO hearing. The DHO notes that Lasko signed form BP-294 affirming this election.[2] Lasko called Physician Assistant ("PA") Hubble as a witness. (Id. at R. 9.) Hubble testified that the area where Lasko was secured is routinely secured. (Id.) The DHO also considered "[i]nclupatory evidence in the form of a memorandum from Mr. Ortiz dated 7/26/06, which corroborated the evidence cited in the incident report." (Id. at R. 9; see also Exh. 1-D at R. 11.) Ortiz heard Dr. Hendershot twice ask Lasko to leave and that the inmate was talking in a loud voice. (Id. at R. 11.)

Based upon all the evidence presented, the DHO concluded that the greater weight of the evidence supported a finding that Lasko committed the act of failing to obey a direct order in violation of Code 307. (Id. at R. 10.) Lasko was sanctioned with 15 days disciplinary segregation; disallowance of 10 days GCT; forfeiture of 30 days non-vested GCT; and the loss of phone and visitation privileges for a period of 4 months. (Id.) The DHO

---

[2] Neither party has submitted this form for review.

documented his reasons for the sanctions imposed:

> Lasko's refusal to obey the order of a staff member limited the ability of the staff member to effectively perform their [sic] routine duties. To allow inmates to engage in this type of behavior would create chaos and will not be tolerated in a correctional setting. Accordingly, Disciplinary Segregation, the Disallowance of Good Conduct Time and the Forfeiture of Non Vested Good Conduct Time is sanctioned to punish Lasko for his misconduct while the Loss of Privileges (Phone and Visit) is sanctioned in an effort to deter him from this behavior in the future.

### III.  Standard of Review

"Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." Robinson v. Warden, 250 Fed. Appx. 462, 464 (3d Cir. 2007). In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Court observed that, while inmates are entitled to a fair process before GCT may be removed, prison disciplinary hearings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." An inmate receives adequate due process in an institutional disciplinary proceeding where GCT credits are at risk if given: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence . . .; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these protections are provided and there is "some evidence" to support the resolution of the disciplinary charge, then

the Due Process Clause's procedural requirements have been met. Id. at 455. The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455. Under Hill, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. Id. at 457.

IV.  Discussion

Lasko raises the following claims in his Petition: (1) denial of his due process right to review documentary evidence and call witnesses; (2) insufficiency of the evidence; (3) the DHO was biased and untrained to perform his duties as a DHO; and (4) the Incident Report was issued in retaliation for the exercise of his First Amendment rights to file a lawsuit against the reporting officer, Dr. Hendershot. (Dkt. Entry 1, Petition.) The Court will address each claim seriatim.

A.  The Due Process Claim

Lasko claims that he was denied due process because he was not permitted to review documentary evidence or call witnesses. (Dkt. Entry 1, Petition at ¶ 13, R. 8.) Specifically, Lasko asserts he was denied the opportunity to review PA Ortiz's Memorandum

concerning the incident before going forward with the hearing.  (Id.)

The record before the Court reflects that Lasko received all process that was due, i.e., he was given advanced written notice of the charge against him, he was permitted (and did) call a witness to testify on his behalf, and , although initially asking for staff representation, elected to proceed on his own.[3]  Lasko also received a written statement from the hearing officer as to the evidence relied upon and the reasons for the disciplinary action.

The record demonstrates that although no documentary evidence was provided for consideration at the hearing itself, it is reflected in the DHO's report that Lasko was verbally informed of the content of PA Ortiz's memorandum and he was advised that he could request the document from Central Office.[4]   As Lasko acknowledges, confrontation and cross-examination are not constitutional requirements in disciplinary hearings. See Wolff, 418 U.S. at 567.  Moreover, Lasko does not suggest how he was harmed as a result of failing to receive a copy of Ortiz's memorandum in advance or at the time of his DHO hearing.  Any alleged harm incurred directly as a result of the non-production of this document is speculative

---

[3] To the extent he contends the requested representative, Chaplain Brown, was a "no show," or unavailable, Lasko does not suggest that he objected to going forward with the disciplinary hearing absent staff representation.  In fact, "[n]o procedural issues were cited" at the DHO hearing.  (See Dkt. Entry 1, Petition, Exh. A at R. 21.)

[4] The DHO noted that "documentary evidence was verbally provided by the DHO to the extent believed practical under the FOIAE/PA policy.  The inmate was advised to make any formal request for documents to Central Office."  Lasko did not raise any procedural issues at the hearing.  Lasko did not receive a copy of the Ortiz memorandum until he filed a request for it under the Freedom of Information Act.

at best given Dr. Hendershot's recitation of the events and Lasko's incriminating statement that "He (Mr. Hendershot) asked me twice to leave" and that he "refused" to do so. (See Dkt. Entry 1, Petition, Exh. A at R. 21.)   Lasko's Due Process claim is without merit as he was afforded all of the required procedural protections.  See Neal v. Casterline, 129 Fed. Appx. 113, 115 (5th Cir. 2005).

>B.   The Sufficiency of the Evidence Claim

The evidence cited by the DHO in his report was sufficient to find Lasko guilty of the charged misconduct, refusing to obey an order.  As note above, Lasko's testimony corroborates Dr. Hendershot's allegations contained in the Incident Report.  Dr. Hendershot charged Lasko with refusing to obey an order.  Although Lasko did not admit nor deny the charge of refusing to obey an order, during the DHO hearing he stated that "I was ordered to leave but refused because I wanted to receive my treatment for Hepatitis C. . . .  He (Mr. Hendershot) asked me twice to leave." (Dkt. Entry 1, Petition, Exh. A at R. 18 and R. 21.) Regardless of Lasko's reason for refusing to obey Dr. Hendershot's order for leaving the area, Lasko, in his own words, "refused" the order "twice."  Clearly, the record is supported by some evidence indicating Lasko's violation of BOP rules when he "refused" to leave as ordered by Dr. Hendershot.

>C.   The Bias Claim

Lasko asserts that "DHO Bittenbender [never] takes any inmate statement as

being true, he is bias[ed] and prejudice[d] against all inmates." (Dkt. Entry 1, Petition at R. 8.) Petitioner claims "the disciplinary hearing is of little value if the decisionmaker's mind is closed on the issue of guilt before the hearing ever begins." (Id.) Lasko also asserts that a DHO should have additional training in the law in order to qualify as a DHO. (Id. at ¶21, R. 12.)

Lasko's theory of DHO Bittenbender's bias is undercut by the fact that the same DHO, whom Lasko accuses of being biased against "all inmates," dismissed a second Incident Report issued by Dr. Hendershot against him. (See Dkt. Entry 1, Petition, Exh. D at RR. 32-36.) Next, for Due Process purposes in prison disciplinary hearings, "the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in circumstances underlying the charge." Speight v. Minor, 245 Fed. Appx. 213 (3d Cir. 2007)(quoting Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974)). Here, there is no record of DHO Bittenbender having any personal involvement in the circumstances underlying Lasko's charge of refusing to obey an order. Furthermore, as Respondent points out, "Due Process has never been thought to require that the neutral and detached trier of fact be law trained or a judicial or administrative officer." Vitek v. Jones, 445 U.S. 480, 499 (1980). Thus, Lasko is not entitled to relief on his challenge to the impartiality and competence of the prison adjudicator.

### D.  The Retaliation Claim

Lasko claims Dr. Hendershot issued him the Incident Report in retaliation for a

lawsuit he filed against the physician related to the alleged mistreatment of his Hepatitis C condition.  (Dkt. Entry 1, Petition at ¶ 27, R. 14.)  This Court recently rejected Lasko's civil rights claim of retaliation by Dr. Lasko in issuing the Incident Report.  See Lasko v. Watts, Civil No. 06-2126, Dkt. Entry 74, Memorandum Opinion at 33-34 (M.D. Pa. August 12, 2006).  As related in that opinion, there was an obvious rational basis for issuance of the incident report.  Thus, irrespective of Dr. Hendershot's motivation, it is evident that the disciplinary charges had a legitimate penological basis sufficient to preclude a viable retaliation claim.  See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) (even if prison officials were motivated by retaliatory animus, there was sufficient evidence of the plaintiff's misconduct offenses to enter summary judgment on plaintiff's retaliation claim).  Furthermore, having already concluded that Lasko received the process to which he was entitled and that the disciplinary decision has an adequate evidentiary foundation, it follows that he cannot receive habeas corpus relief on the basis of a retaliation claim.  See Bailey-El v. Compton, No. Civ. A. 703CV00806, 2004 WL 3670998, at *5 (W.D. Va. June 17, 2004).

        An appropriate Order follows.[5]

                              s/ Thomas I. Vanaskie
                              Thomas I. Vanaskie
                              United States District Judge

---

[5] Lasko's "Motion to Compel" (Dkt. Entry 14), seeking a prompt resolution of his habeas petition, will be dismissed as moot.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE LASKO,                      :
                                     :
            Petitioner,              :
                                     :   CIVIL NO. 3:CV-07-0371
      v.                             :
                                     :   (JUDGE VANASKIE)
RONNIE HOLT,                         :
                                     :
            Respondent.              :

## O R D E R

NOW, this 7th day of October, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus is DISMISSED.

2. Petitioner's Motion to Compel (Dkt. Entry 14) is DISMISSED.

3. The Clerk of Court is directed to mark this case CLOSED.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge